[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff brings this action under General Statute § 46b-215 claiming support payments from the mother of the child Bryan Curtis. The petition for support was brought May 30, 1995. The child was born December 9, 1976. He achieved his eighteenth birthday on December 9, 1994.
The plaintiff is not the natural father of Brian. He is or would have been the step-father of Brian as he was married to Brian's mother for a period of time prior to the divorce of CT Page 8407 the plaintiff and the defendant.
On July 19, 1990 the plaintiff filed a Writ of Habeas corpus with the Superior court, Hartford, claiming that Brian, then thirteen years old, chose to reside with him and was being prevented from doing so because the defendant mother had moved Brian out of the house. Brian expressed his interest, in writing, to live with the plaintiff. The court, on August 1, 1990, granted custody of Brian to the plaintiff.
The court did not, on August 1, 1990 or at any time thereafter issue a support order requiring the defendant to pay to the plaintiff support for Brian. The present petition requests of the court that the court issue a support order for support due and owing beginning August 1, 1990. The defendant moves to dismiss, claiming that, as Brian is now more than eighteen years of age, the court lacks subject matter jurisdiction to enter support orders as concerns Brian.
The court lacks subject matter jurisdiction to enter orders requiring that a parent provide support for a child beyond the time when a child is in need of support after the child has achieved his eighteenth birthday. See Hirtle v.Hirtle, 217 Conn. 394, 399 (1991). To the extent that this petition may be interpreted to require support for the child for periods after he has reached his eighteenth birthday, the court would be without jurisdiction to issue such an order.
However, the petition seeks support for the period "beginning August 1, 1990" This includes the four years and four months before Brian achieved the age of eighteen.
General Statutes § 46b-215 specifically allows a determination, order and enforcement of "any support due because of neglect or refusal to furnish support prior to the action. . ." Therefore, the court has jurisdiction as to the pre-eighteen period. The defendant's motion to dismiss, based specifically upon the fact that the action was brought after the child had reached the age of majority prior to the commencement of the action, is denied.
L. Paul Sullivan, J. CT Page 8408